# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE HD SUPPLY HOLDINGS, INC. DERIVATIVE LITIGATION | Lead Case No.: 1:17-cv-02977-MLB |
| | (Derivative Action) |
| This Document Relates To: ALL ACTIONS. | |

## ORDER CONTINUING DEFERRAL OF LITIGATION

Upon consideration of the Parties'[1] Joint Motion to Continue Deferral of Litigation (the "Unopposed Motion"), it is **HEREBY ORDERED** as follows:

1. This shareholder derivative action (the "Derivative Action") shall remain deferred until the earlier of: (i) an order from the Court on any summary judgment motions that may be filed in *In re HD Supply Holdings, Inc. Securities Litigation*, Case No.: 1:17-cv-02587-ELR (N.D. Ga.) (the "Securities Class Action"); or (ii) notification that there has been a settlement reached in the Securities Class Action, or until otherwise agreed to by the Parties. At any time during which

---

[1] The Parties refers to, collectively, Plaintiffs Sean Zhou and James Calderaro (together, "Plaintiffs"), Defendants Joseph J. DeAngelo, Evan J. Levitt, Kathleen J. Affeldt, Betsy S. Atkins, Peter A. Dorsman, Patrick R. McNamee, Charles W. Peffer, James A. Rubright, and Lauren Taylor Wolfe the "Individual Defendants"), and Nominal Defendant HD Supply Holdings, Inc. ("HD Supply" or the "Company," together with the Individual Defendants, are collectively referred to herein as "Defendants").

the prosecution of this Derivative Action is deferred pursuant to this Order, any Party may file a motion with the Court seeking to modify the terms of the Order, which may be opposed by any other Party.

2.     Within thirty (30) days of a ruling on any summary judgment motions that may be filed in the Securities Class Action, or notification that there has been a settlement reached in the Securities Class Action, or if the deferral of the Derivative Action is terminated following the circumstances described in Paragraph 1 above, whichever occurs first, within thirty (30) days thereafter, the Parties shall meet and confer concerning a schedule for further proceedings in the Derivative Action and shall submit a proposed schedule to the Court by motion.  At such time, Defendants have the right to seek a further deferral of the Derivative Action from the Court should they believe that circumstances warrant it, and Plaintiffs have the right to oppose.

3.     Notwithstanding the deferral of the Derivative Action, the Parties agree that Plaintiffs shall be permitted to file an amended complaint during the pendency of the deferral.  Defendants shall be under no obligation to respond to any such complaint while the Derivative Action is deferred, unless otherwise ordered by the Court.

4.      Defendants further agree that the Board of Directors ("Board") of HD Supply in place as of the filing of Plaintiffs' Complaint on August 8, 2017, shall be the operative Board for purposes of assessing Plaintiffs' allegations of demand futility, regardless of whether an amended complaint is filed by Plaintiffs, including, but not limited to, in the event Defendants move for dismissal of this action pursuant to Fed. R. Civ. P. 23.1.[2]

5.      Subject to the performance of the terms and conditions set forth in Paragraph 8 below, as long as the Derivative Action remains deferred, Defendants, to the extent they are able, shall provide Plaintiffs with copies of the written discovery responses and documents produced by the defendants in the Securities Class Action, or in any related derivative action, or any related action or demand initiated pursuant to 8 Del. C. § 220 (collectively, "Related Actions"), including, without limitation, expert discovery, as well as any written agreements regarding discovery between the defendants and the plaintiffs in the Securities Class Action or in any Related Actions.

---

[2] The Board in place as of the filing of Plaintiffs' Complaint consisted of the following nine (9) directors: non-party Lionel L. Nowell, III, and named-Defendants Joseph J. DeAngelo, Kathleen J. Affeldt, Betsy S. Atkins, Peter A. Dorsman, Patrick R. McNamee, Charles W. Peffer, James A. Rubright, and Lauren Taylor Wolfe.

6. Subject to the performance of the terms and conditions set forth in Paragraph 8 below, Defendants, to the extent they are able, shall provide Plaintiffs with the written discovery responses and the documents produced in the Securities Class Action, or in any Related Actions, by any other party or any non-party that have not been designated confidential by the producing party or non-party (in whole or in part) under any confidentiality agreement or order filed in the Securities Class Action or in any Related Actions. If a producing party (other than defendants in the Securities Class Action) or non-party does elect to designate as confidential under any confidentiality agreement or order filed in the Securities Class Action or in any Related Actions (i) any of the documents he, she or it produces or (ii) any of his, her, or its written discovery responses, then the defendants in the Securities Class Action shall request of each such party or non-party permission to provide such information to Plaintiffs pursuant to the terms of any confidentiality agreement or order governing the documents produced in the Securities Class Action or in any Related Actions. If the producing party or non-party objects, then counsel for Defendants shall inform Plaintiffs that the defendants in the Securities Class Action are not able to produce to Plaintiffs documents or written discovery response(s) from a particular party or non-party. Notwithstanding the foregoing, Plaintiffs reserve their rights to

seek any such documents in the Derivative Action, which Defendants shall not oppose.

7. Subject to the performance of the terms and conditions set forth in Paragraph 8 below, with regard to depositions taken in the Securities Class Action or in any Related Actions, Defendants shall provide Plaintiffs with court reporter contact information within five (5) business days of any deposition so that Plaintiffs may request copies of deposition transcripts and/or any video and/or audio recordings of such depositions. Defendants shall not oppose such requests for transcripts (or any portions thereof) that have been designated as confidential by Defendants under any confidentiality agreement or order governing the documents produced in the Securities Class Action or in any Related Actions.

8. Plaintiffs' right to receive documents, written discovery responses, and the information described above in Paragraphs 5–7 is contingent upon Plaintiffs' agreement to be bound by any reasonable confidentiality agreement or order governing the documents produced in the Securities Class Action or in any Related Actions, with the express understanding that Plaintiffs shall be entitled to use any such documents produced to them in the Derivative Action. If Plaintiffs cannot become a party to any confidentiality agreement or order entered in the Securities Class Action or in any Related Actions, Plaintiffs shall enter into a separate

agreement with Defendants acknowledging their agreement to be bound by the terms of the confidentiality agreement or order entered in the Securities Class Action or in any Related Actions, with the express understanding that Plaintiffs shall be entitled to use any such documents produced to them in the Derivative Action.

9. In the event there is a mediation or any formal settlement meeting to resolve the claims asserted in the Securities Class Action, or in any Related Actions, Defendants shall invite Plaintiffs to participate in any such mediation or formal settlement meetings. Notification to Plaintiffs of the setting of such mediation(s) or meeting(s) shall be sufficient to permit Plaintiffs' counsel's attendance. Plaintiffs shall use good faith efforts to work out mutually agreeable terms with the other parties to the mediation(s) or meeting(s) for (i) their participation in any such mediation(s) or meeting(s) and (ii) the sharing of any expenses of such mediation(s) or meeting(s). If Plaintiffs cannot reach agreement in regard to items (i) and (ii) in the preceding sentence, then Defendants shall agree to mediate with Plaintiffs in regard to the derivative claims on a date close to the mediation in the Securities Class Action, or in any Related Actions.

10. This Order shall apply to each purported derivative action arising out of the same or substantially the same transactions or events as the Derivative Action, which is subsequently filed in, removed to, or transferred to this Court.

This Order **GRANTS** the Parties' Joint Motion to Continue Deferral of Litigation. The parties are instructed to notify the Court promptly when this action needs to be reopened. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this matter.

**SO ORDERED** this 22nd day of October, 2018.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE