# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE HD SUPPLY HOLDINGS, INC. DERIVATIVE LITIGATION | Lead Case No.: 1:17-cv-02977-MLB<br><br>(Derivative Action) |

## ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to the Order of this Court, dated March 23, 2021 ("Amended Preliminary Approval Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated December 4, 2020 (the "Stipulation").[1]  Due and adequate notice having been given to present and former HD Supply Holdings, Inc. ("HD Supply" or the "Company") stockholders as required in said Amended Preliminary Approval Order, and the Court having considered all papers filed and proceedings and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates herein the Stipulation, including all

---

[1] Throughout this order, the term "Settlement" refers to the Settlement set forth in the Stipulation.

exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the above-captioned Federal Derivative Action, including all matters necessary to effectuate the Settlement, and the Settling Parties have consented to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

3. The Court finds that the Long-Form Notice and the Summary Notice attached as Exhibits A and B, respectively, to the Amended Preliminary Approval Order and the notice program which included (i) written notice of the Settlement and copies of the Stipulation (along with any exhibits thereto) and Long-Form Notice, substantially in the form of Exhibit A to the Amended Preliminary Approval Order, to HD Supply's current sole shareholder, The Home Depot, Inc. ("Home Depot"); (ii) publication of the Summary Notice, substantially in the form of Exhibit B to the Amended Preliminary Approval Order (a) via a press release and (b) for one day in Investor's Business Daily; and (iii) the posting a link to the Stipulation (along with any exhibits thereto) and Long-Form Notice on HD Supply's website such that visitors to the website will readily find a hyperlink to the Long-Form Notice and Stipulation (along with any exhibits thereto), which shall be maintained as an active

link until such time as the Court grants final approval of the Settlement constituted appropriate and adequate notice under the circumstances and fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. Among other materials, the Court reviewed Plaintiffs' Memorandum of Law in Support of Plaintiff's Unopposed Motion for Final Approval of Derivative Settlement and attachments thereto ("Plaintiff's Memorandum"). (Dkts. 43-1–43-17.) The Court agrees with Plaintiff's assessment of the fairness, adequacy, and reasonableness of the Settlement for the reasons discussed therein. The Court thus finds that the Settlement as set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of HD Supply and its sole current stockholder. The Court hereby finally approves the Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

5. The above-captioned Federal Derivative Action and all claims contained therein, as well as all of the Released Claims (including Unknown Claims), are dismissed on the merits and with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Upon the Effective Date, all Plaintiffs' Released Claims (including Unknown Claims) shall be deemed to have been fully, finally, and forever released, relinquished, and discharged as against the Released Persons.

7. Upon the Effective Date, HD Supply and the Individual Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Matters or the Released Claims.

8. Nothing in this Judgment constitutes or reflects a waiver or release of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives, including, but not limited to, any rights or claims of Defendants under any directors' and officers' liability insurance or other applicable insurance coverage maintained by the Company. Nothing in this Judgment constitutes or reflects a waiver or release of any rights or claims of the Individual Defendants relating in any way to indemnification or advancement of attorneys' fees relating to the Derivative Actions or the Released Claims, whether under any written indemnification or advancement agreement, or under the Company's charter, by-laws, or under applicable law.

9. During the course of the Derivative Matters, all parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar rules, laws, or statutes.

10. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties or any other Person as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (ii) may be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

11. The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settling Parties may also file the Stipulation and documents

executed pursuant and in furtherance thereto in any action to enforce the Settlement and/or this Judgment.

12. Plaintiffs and/or any present or former HD Supply stockholders derivatively on behalf of HD Supply are permanently barred and enjoined from commencing, prosecuting, instituting, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons.

13. Because HD Supply is no longer an SEC registrant following the Company's acquisition by Home Depot on December 24, 2020, in the event that HD Supply's Board may determine to alter or discontinue any of the Corporate Governance Reforms prior to the end of the Minimum Term, HD Supply shall have no obligation to report such determination or alteration or discontinuation of any Corporate Governance Reform via an SEC filing or otherwise.

14. In the event the Effective Date does not occur, or if the Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its terms, and if counsel for the Settling Parties do not otherwise mutually agree in writing to proceed with the Stipulation: (i) all Settling Parties and Released Persons shall be restored to their respective positions prior to execution of this Stipulation; (ii) all releases delivered in connection with the Stipulation shall be null and void, except

as otherwise provided for in the Stipulation; (iii) the Fee and Expense Amount paid to Plaintiffs' Counsel shall be refunded and returned to the insurers that made such payment within ten (10) business days of notice that the Settlement failed to become effective; and (iv) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by a Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Derivative Matters or in any other action or proceeding. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Derivative Matters or in any other proceeding for any purpose.

15. For the reasons set forth in Plaintiff's Memorandum, the Court also hereby approves the sum of $1,900,000 for the payment of fees and expenses to Plaintiffs' Counsel (the "Fee and Expense Amount") and finds that the Fee and Expense Amount is fair and reasonable. No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and

enforcement of the terms of the Stipulation.

17. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk.

**SO ORDERED** this 1st day of July, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE